**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-11** |
| **v.** | * | **SECTION: "G"** |
| **CHRISTOPHER O'CONNOR** | * | |

* * *

## FACTUAL BASIS

The above-named defendant, CHRISTOPHER O'CONNOR, has agreed to plead guilty to Count 1 of the indictment, wherein he is charged with conspiracy to commit theft of government funds, in violation of Title 18, United States Code, Section 371. Both the Government and O'CONNOR do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which he is pleading guilty. The Government and O'CONNOR further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in Count 1 of the indictment now pending against O'CONNOR.

### Military Funeral Honors Ceremonies

The Government would establish that the United States Army (Army) is a department of the United States. The National Defense Authorization Act of 2000 authorizes military funeral honors ("MFH") for deceased active-duty soldiers, retirees, and veterans of the United States Armed Forces, including the United States Army. At a family's request, eligible persons may receive military funeral honors, including the folding and presenting of the United States flag and the playing of "Taps." The statute defines a MFH detail as consisting of two or more uniformed military persons, with at least one being a member of the veteran's branch of military service, performing MFH.

AUSA ML
Defendant Cwo
Defense Counsel MPC

Before a military honors funeral occurs, the Army's Casualty Assistance Center screens deceased servicemen for eligibility for the ceremony. Army personnel who wish to perform the MFH must receive advanced approval from their supervisors. After the Army personnel perform their approved MFH duties, Army pay technicians are required to submit a signed DA Form 1380, identifying the individuals who performed the MFH duty and at which funeral they performed. When submitting the signed DA Form 1380, Army pay technicians are also required to submit MFH payment requests for the performing personnel. Payment requests are made by Army personnel, and approved requests for payments are made using money of the United States (*i.e.*, the United States Army).

**The Conspiracy to Commit Theft of Federal Funds**

The Government would establish, through the introduction of competent testimony that, at all times material, CHRISTOPHER O'CONNOR was a staff sergeant with the United States Army Reserve, who reported for duty to the 441st Transportation Company, 377th Theater Sustainment Command, New Orleans, Louisiana. In that capacity, O'CONNOR was responsible for, among other duties, entering reserve duty members' pay requests, including for authorized MFH duties.

Through his position as an Army pay technician, O'CONNOR submitted fraudulent MFH payment requests for MFH duties for Chantelle Davis, Lynea Sanders, Cody Francis, Terrance Howard, Derrick Branch, Leroy Daniels, Sr., and for himself that were neither authorized nor performed. O'CONNOR also failed to submit the required DA Form 1380, which would have indicated the funeral for which the claimed MFH duties related.

The Government would further establish that, starting in or about January 2013, and continuing until in or about August 2016, O'CONNOR, Davis, Sanders, Francis, Howard, Branch, and Daniels, Sr. willfully and knowingly did combine, conspire, confederate and agree to obtain

AUSA AJL
Defendant CRO
Defense Counsel MPC

money from the United States by submitting to the United States Department of the Army payment requests for services that had not been performed. O'CONNOR, Davis, Sanders, Francis, Howard, Branch, and Daniels, Sr. agreed to commit the crime of theft of government funds by submitting false applications for MFH pay requests. O'CONNOR proposed submitting false MFH pay requests in Davis's, Sanders's, Francis's, Howard's, Branch's, and Daniels's name in exchange for each sharing their proceeds with O'CONNOR. Davis, Sanders, Francis, Howard, Branch, and Daniels, Sr., each agreed and joined the conspiracy, furthering same by accepting and splitting the false MFH payments with O'CONNOR. O'CONNOR, Davis, Sanders, Francis, Howard, Branch, and Daniels, Sr., knew the unlawful purpose of the agreement and that the subject funds constituted property of the United States.

In addition to receiving a split of the fraudulent MFH payments from Davis, Sanders, Francis, Howard, Branch, and Daniels, Sr., O'CONNOR also submitted and received approximately $18,825.83 in fraudulent MFH payment requests for himself.

As a result of this conspiracy, the United States government was defrauded out of approximately $101,858.19 in fraudulent MFH payment requests that O'CONNOR submitted for MFH duties that never occurred and to which O'CONNOR knew that neither he nor Davis, Sanders, Francis, Howard, Branch, nor Daniels, Sr. were entitled.

For instance, as part of the conspiracy to commit theft of government funds, on or about May 11, 2016, knowing that the MFH payment application was false, O'CONNOR submitted a MFH payment application on Branch's behalf. Branch received payment from the Department of the Army for funeral honor duties that he had not performed and to which he was not entitled; and, pursuant to their agreement, he split the payment with O'CONNOR. O'CONNOR submitted the underlying false application from the Eastern District of Louisiana, and Branch received the

AUSA AJL
Defendant CNO
Defense Counsel MPC

improper payment in his bank account, which is located in the Eastern District of Louisiana.

As to the above-described MFH payments claimed for and received by O'CONNOR, Davis, Sanders, Francis, Howard, Branch, and Daniels, Sr., a review of Fiscal Year 2013 through Fiscal 2016 records demonstrated the following: no advanced Army Casualty Assistance screening of the deceased servicemen had occurred; none of O'CONNOR's, Davis's, Sanders's, Francis's, Howard's, Branch's, or Daniels's supervisors provided advanced approval for the claimed MFH; no signed DA Form 1380 was submitted which should have identified who performed the claimed MFH and at which funerals; and no other records existed that suggested the claimed MFH ceremonies were actually performed. Through the Army's investigation into the underlying conduct, effective April 9, 2019, O'CONNOR was demoted from staff sergeant to private. Effective April 16, 2019, O'CONNOR was discharged from the Army "under other than honorable conditions."

**Limited Nature of Factual Basis**

This proffer of evidence is not intended to constitute a complete statement of all facts known by O'CONNOR and/or the Government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offenses by O'CONNOR.

AUSA ADL
Defendant CRO
Defense Counsel MPC

The above facts come from an investigation conducted by and would be proven at trial by credible testimony from, *inter alia*, Special Agents from the United States Department of Defense – Office of the Inspector General, other witnesses, and admissible, tangible exhibits.

READ AND APPROVED:

| | |
|---|---|
| Christopher O'Connor<br>Defendant | 10/12/23<br>Date |
| Michael P. Ciaccio<br>Counsel for Defendant | 10/12/23<br>Date |
| Andre J. Lagarde<br>Assistant United States Attorney | 10/12/23<br>Date |